UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

Howard Scott Bassuk

Case No.: 6:17-bk-04478-RAC
Chapter 7

Debtor.
_____/

## NOTICE OF INTENT TO SERVE RULE 2004 SUBPOENA DUCES TECUM

FORD MOTOR COMPANY, through counsel, pursuant to Federal Rule of Civil Procedure 45(a)(4), made applicable to this case under Fed. R. Bankr. P. 9016, hereby provides notice upon all interested parties of its intent to serve the attached Subpoena for Rule 2004 Examination to appear at a deposition *duces tecum* scheduled for November 1, 2017 at 9:30 a.m., on October 5, 2017, or thereafter, upon the following party:

Michelle Charles
13328 Bellaria Circle
Windermere, FL 34786

Dated October 5, 2017.

/s/ Bradley M. Saxton
Bradley M. Saxton, Esquire
Florida Bar No.: 0855995
bsaxton@whww.com
**WINDERWEEDLE, HAINES, WARD
& WOODMAN, P.A.**
PO Box 880
Winter Park, Florida 32790-0880
Telephone: (407) 423-4246
Fax: (407) 645-3728
Attorneys for Ford Motor Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 5, 2017, a true and correct copy of the foregoing has been furnished via:

*CM/ECF to:*

Steven H. Meyer, CPLS, P.A., 201 East Pine Street, Suite 445, Orlando, FL 32801; smeyer@cplspa.com; courtefiling@cplspa.com; amohr@cplspa.com; Attorney for Defendants Howard Scott Bassuk

Vinoud Nihani, Nichani Law Firm, 1250 Oakmead Parkway #210, Sunnyvale, CA 94085; vinod@nichanilawfirm.com; Attorneys for Danwen Trading

Robert E. Thomas, Trustee, Post Office Box 5075, Winter Park, FL 32793-5075; rthomastrustee@gmail.com.

United States Trustee - ORL7/13, Office of the United States Trustee, George C. Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, FL 32801

*U.S. Mail to:*

Howard Scott Bassuk, 109 Ambersweet Way, Suite 278, Davenport, FL 33897-8418

/s/ Bradley M. Saxton
BRADLEY M. SAXTON

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT
## MIDDLE District of FLORIDA

In re __HOWARD SCOTT BASSUK__                    Case No. __6:17-bk-04478-RAC__
              Debtor
                                                 Chapter __7__

## SUBPOENA FOR RULE 2004 EXAMINATION

To: __Michelle Charles, 13328 Bellaria Circle, Windermere, FL 34786__
*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| McDonald Toole Wiggins, P.A.<br>111 N. Magnolia Ave., Suite 1200<br>Orlando, FL 32801 | November 1, 2017, at 9:30 a.m. |

The examination will be recorded by this method: __court reporter__

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**see attached Schedule A.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __October 5, 2017__

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* **Ford Motor Company** _____ , who issues or requests this subpoena, are:

**Bradley M. Saxton, PO Box 880, Winter Park, FL 32790-0880; 407-246-8672; bsaxton@whww.com**

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

Howard Scott Bassuk

Case No.: 6:17-bk-04478-RAC

_____/

## AMENDED NOTICE OF RULE 2004 EXAMINATION *DUCES TECUM*
*(Amended to change the examination date from October 2, 2017 to November 1, 2017 and the location of the examination)*

FORD MOTOR COMPANY, by the undersigned attorney, will examine Ms. Michelle Charles under oath on November 1, 2017 at 9:30 a.m. at the law offices of McDonald Toole Wiggins, P.A., 111 N. Magnolia Ave., Suite 1200, Orlando, FL 32801. The examination may continue from day to day until completed. If the examinee receives this notice less than seven (7) business days prior to the scheduled examination date (or less than ten (10) business days if examination is taking place outside of Florida), the examination will be rescheduled upon timely request to a mutually agreeable time.

The examination is pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, and will be taken before an officer authorized to record the testimony. The scope of the examination shall be described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1, no order shall be necessary.

The examinee is further requested to bring to the examination all of the documents described on the attached Schedule A.

/s/ M. Gary Toole
M. GARY TOOLE
Florida Bar No. 710814
JOHN R. REID, JR.
Florida Bar No. 0002674
COLBY NICOLE FERRIS
Florida Bar No. 84168
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue
Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
Primary Service Email: gtoole@mtwlegal.com
Secondary Service Email: e.service@mtwlegal.com

and

/s/ Bradley M. Saxton
BRADLEY M. SAXTON
Florida Bar No. 855955
bsaxton@whww.com
Board Certified - Business Bankruptcy Law
WINDERWEEDLE, HAINES, WARD &
WOODMAN, P.A.
329 Park Avenue North, Second Floor
Winter Park, FL 32789
Telephone: 407-423-4246
Fax: 407-645-3728
Telephone: (407) 645-3728
Attorneys for Ford Motor Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 5, 2017, a true copy of this notice was electronically filed with the Bankruptcy Court and furnished via:

**CM/ECF to:**

Steven H. Meyer, CPLS, P.A., 201 East Pine Street, Suite 445, Orlando, FL 32801; smeyer@cplspa.com; courtefiling@cplspa.com; amohr@cplspa.com; Attorney for Defendants Howard Scott Bassuk

Vinoud Nihani, Nichani Law Firm, 1250 Oakmead Parkway #210, Sunnyvale, CA 94085; vinod@nichanilawfirm.com; Attorneys for Danwen Trading

Robert E. Thomas, Trustee, Post Office Box 5075, Winter Park, FL 32793-5075; rthomastrustee@gmail.com.

United States Trustee – ORL7/13, Office of the United States Trustee, George C. Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, FL 32801

**U.S. Mail to:**

Howard Scott Bassuk, 109 Ambersweet Way, Suite 278, Davenport, FL 33897-8418 (debtor)

/s/ Bradley M. Saxton
BRADLEY M. SAXTON
Florida Bar No. 855955

## Schedule A – Michelle Charles

**I.** **BANK RECORDS**

    A.    Any and all documents reflecting payments received by you or Howard Bassuk from MAD Enterprise Group, LLC, or any other entity in which Mr. Bassuk held any interest during the past five (5) years, whether individually or jointly.

    B.    Any and all documents and records of checking, savings, or any other type of account, foreign or domestic, maintained by Howard Bassuk whether individually, jointly with you or any other person or entity, or as the principal or agent of any entity, with any type of financial institution during the last four years, including but not limited to monthly account statements, checks, check registers, check stubs, cancelled checks, and deposit slips. This includes but is not limited to JP Morgan Chase Bank and City National Bank.

    C.    All documents that refer to, relate to, reflect or concern any transfers made to or from any financial account held for the benefit of Mr. Bassuk, whether individually or jointly with you or any other person or entity, for the last five years.

    D.    Any and all documents concerning Mr. Bassuk's interest in or claimed title to, any certificates of deposit, letters of credit, money orders, cashiers checks, travelers checks, bank deposits or escrow funds owned or held by Mr. Bassuk in the past five years, whether individually or jointly with you or any other person or entity.

    E.    Any and all documents related to any account in which any of Mr. Bassuk's earnings or other income has been deposited into in the past five years, whether Mr. Bassuk continued to have an interest in it or not.

    F.    Any and all documents evidencing Mr. Bassuk having authority to access any safe deposit box or other bank-secured area, for the last five years.

    G.    Any and all documents evidencing any application signed by Mr. Bassuk or on behalf of himself, you and/or children, to open a foreign or offshore financial account in the name of Mr. Bassuk or any other person or entity.

    H.    Copies of IRS contracts for all IRA's that Mr. Bassuk currently has.

    I.    Copies of any IRA or 401K's for Mr. Bassuk that were "rolled over."

    J.    Complete contribution and distribution records for any current or previous IRA's or 401K's for Mr. Bassuk during the last five years.

    K.    Copies of any and all bills or living expenses paid for with Mr. Bassuk's IRA or 401K distributions during the past three years.

II. **REAL PROPERTY**

    A.    Any and all documents that refer to, reflect, or relate to any real property owned by Mr. Bassuk, individually or jointly with you or any other person or entity, in the past five years.

    B.    Any and all documents that refer to, reflect or relate to encumbrances on any real property owned by Mr. Bassuk, individually or jointly Mr. Bassuk.

    C.    Any and all documents evidencing ownership of real property in which Mr. currently enjoys a direct or indirect beneficial interest.

    D.    Any and all checks, receipts, deeds or other evidence of the sale of transfer of any real property in which Mr. Bassuk had a legal or equitable ownership interest, whether individually or jointly with you or any other person or entity, within the past five years.

    E.    Any and all lease agreements for real property in which Mr. Bassuk is the landlord, or has a beneficial interest.

    F.    Any and all lease agreements for real property which Mr. Bassuk has leased individually or jointly with you or any other person or entity for the past five years.

    G.    Any and all documents that evidence Mr. Bassuk's name being on any real property tax records, as payor or trustee for the past five years.

    H.    Any and all deeds that title any real property to Mr. Bassuk as trustee for any other person or entity.

    I.    Any and all deeds of trust or mortgages held in favor of Mr. Bassuk at present or owned during the last five years.

    J.    Any and all documents evidencing any time-shares which Mr. Bassuk may use.

    K.    Copies of any appraisals or other forms of valuation for any property that Mr. Bassuk has an interest in or had an interest within the past five years, whether individually or jointly with you or any other person or entity.

    L.    Promissory Notes or Mortgages Mr. Bassuk signed during the past six years.

    M.    Copies of all deeds/mortgages to which Mr. Bassuk holds property as tenants by the entireties, tenants in common or joint tenants.

III. **PERSONAL PROPERTY**

    A.    Any and all note receivables, pledges or security interests in favor of Mr. Bassuk, whether individually or jointly with you or any other person or entity, both now and in

the past five years.

      C.     List and valuation of all collectibles (i.e. stamps, coins, sports cards, etc.) that Mr. Bassuk now owns or has owned within the past five years, whether individually or jointly with you or any other person or entity.

      D.     List and valuation of all jewelry that Mr. Bassuk now owns or has owned within the past five years, whether individually or jointly with you or any other person or entity.

      E.     Any and all documents that refer to, or relate to any guns, jewelry, antiques, art, paintings or other similar assets owned by Mr. Bassuk or in his possession within the past five years.

      F.     Any and all documents evidencing any interest Mr. Bassuk may have in any patents, trademarks, copyrights, franchises, royalties of any kind, oil and gas rights, timber rights, or mineral rights, whether individually or jointly with you or any other person or entity.

**IV.    BUSINESS INTERESTS/EMPLOYMENT**

      A.     All local, state and federal tax returns filed by Mr. Bassuk in the past five years, including all attachments, schedules, W-2's, K-1's, 1099 and 1098 forms, whether individually or jointly with you or any other person or entity.

      B.     All documents that identify the name and addresses of any person or entity that has employed Mr. Bassuk within the past five years.

      C.     All documents that identify any person or entity for which Mr. Bassuk has acted as a consultant, broker, or contractor for in the past five years.

      D.     All documents referring to any and all businesses in which Mr. Bassuk is a stockbroker, partner, officer, director, owner, or registered agent.

      E.     Any and all corporate charters, minutes of stockholders meetings, resolutions, or recorded evidence of any kind relating to the affairs of any corporation owned by Mr. Bassuk, or any subsidiary or other entity in which such corporation holds an ownership interest during the past five years, whether individually or jointly.

      F.     All documents referring, relating or pertaining to any records of salaries, commissions, bonuses, income from employment, wages, pay stubs, dividends, royalties, allowances, expenses or other sums of money paid to Mr. Bassuk, or on his behalf, within the past five years, whether individually or jointly.

      G.     All documents referring, relating or pertaining to any records of salaries, commissions, bonuses, income from employment, wages, pay stubs, dividends, royalties,

allowances, expenses or other sums of money paid to Mr. Bassuk, within the past five years, by any company or entity owned by you, either individually or jointly.

      H.     All documents that refer to, relate to, reflect, concern, or support your statement that Mr. Bassuk has employees in Trinidad as referenced in your March 23, 2017, Petition for Injunction.

      I.     All documents that refer to, relate to, reflect, concern, or support that Mr. Bassuk incurred debts through illegal activities as stated in your April 20, 2017 Petition for Dissolution of Marriage.

## V. INVESTMENTS

      A.     Any and all documents and records of stocks, bonds, mutual funds, debentures, certificates of deposit or any other investment vehicle owned or held for the benefit of Mr. Bassuk, whether individually or jointly with you or any other person or entity.

      B.     Any and all documents relating to any retirement accounts or annuities, whether individual or employer sponsored, that are owned by Mr. Bassuk, or held for the benefit of Mr. Bassuk.

      C.     Any and all rent rolls for all properties in which Mr. Bassuk has had an ownership interest in for the past five years, whether individually or jointly with you or any other person or entity.

      D.     Copies of all 1099-D's or 1099-1's issued to Mr. Bassuk within the past five years, whether individually or jointly.

      E.     Any and all documents referring to any stock options or profit-sharing plans held by Mr. Bassuk or for his benefit.

      F.     Any and all document that evidence a cash value in any life insurance policy of Mr. Bassuk, and copies of all policies whether term, whole life or universal.

## VI. GENERAL

      A.     All documents evidencing any trusts or amendments to trusts in which Mr. Bassuk is a grantor, settlor, trustee, or beneficiary.

      B.     All documents evidencing any and all trusts or amendments to trusts that Mr. Bassuk has directly or indirectly contributed any assets to within the past five years.

      C.     Copies of all pre and post-nuptial agreements identifying Mr. Bassuk, to include

the list of assets and liabilities to be held separate.

   D. Copies of all separate property agreements identifying Mr. Bassuk, to include the list of assets and liabilities to be held separately.

   E. Copy of any Wills including all amendments in which Mr. Bassuk is or was named as beneficiary.

   F. Copies of any and all credit card statements, for all cards in which Mr. Bassuk is an authorized user, for the past two years.

   G. All documents referring or reflecting the name and address of any storage facility or mini ware-house to which Mr. Bassuk has access and/or maintains assets.

   H. Copies of any and all financial statements that Mr. Bassuk has prepared for any lender or creditor in the past five years, whether individually or jointly.