UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:17-bk-04478-RAC

In Re:   HOWARD SCOTT BASSUK,       )
                                    )
         Debtor,                    )
                                    )
_____)

**DEBTOR'S OBJECTION TO CHAPTER 7
TRUSTEE'S MOTION TO DISMISS CASE,
<u>AND REQUEST FOR HEARING</u>**

The Debtor, Howard Scott Bassuk, by and through his undersigned counsel of record, respectfully objects to the motion to dismiss this case [D.E. 42] filed by the Chapter 7 Trustee, for the reasons stated below, and requests a hearing on the motion to dismiss. In support of this objection, the Debtor would show the following:

1. The Chapter 7 Trustee has filed his motion pursuant to 11 USC 521(a)(3), alleging that the Debtor has failed to cooperate in providing necessary documents.

2. The Debtor appeared and testified at the meeting of creditors on August 15, 2017. The meeting lasted approximately one and half hours, and the Debtor

answered questions both from the Trustee and from counsel representing a creditor. The meeting was not completed, and the Trustee requested that the Debtor provide certain documents, including his 2015 tax return.

3. The Debtor appeared and testified at the continuation of the meeting of creditors on September 26, 2017. Again, the meeting lasted for over an hour.

4. The Debtor stated at the meetings of creditors that he had filed his 2015 personal income tax return, but he did not have a copy. He stated that he was requesting a copy from the IRS. The Debtor also repeatedly requested a copy of the return from the tax preparer in Miami whom the Debtor had paid to prepare and file the returns for both the Debtor's limited liability company and for him personally. The tax preparer has not responded to any of the Debtor's requests.

5. The Internal Revenue Service has advised recently that the 2015 return for the S-corporation was not filed. The company's return should include Schedule K-1 (IRS Form 1120S), titled Shareholder's Share of

Income, Deductions, Credits, Etc., which the Debtor would have required to file his personal income tax return. Because the company's return was not filed, upon information and belief, the tax preparer in Miami did not file the Debtor's individual return for 2015 either.

6. Because, upon information and belief, the 2015 was never filed, and because the tax preparer, who may have prepared the return, will not provide it or respond to any communications, the Debtor is actively working with counsel to prepare the 2015 return from data available. In 2015, the tax preparer was also working on a monthly basis to handle certain financial matters for the Debtor's limited liability company. Consequently, he had a substantial amount of the company's financial information from which he was to prepare the tax returns.

7. The Debtor believes that the 2015 return can be prepared in the near future. The Debtor also intends to prepare and file his 2016 return. The Debtor had very little income in 2016, as his limited liability company stopped doing business in early 2016.

8. The Court must balance the equities and weigh the benefits and prejudices of dismissal. *Matter of Atlas Supply Corp.*, 857 F.2d 1061 (5th Cir. 1988). Here, the Debtor filed all schedules, and has acted in good faith to produce the requested documents. There is no prejudice to creditors because in all likelihood this is a no-asset case. The Debtor should be permitted to obtain the fresh start that bankruptcy is intended to provide. The Debtor recognizes that the Trustee has expended time and effort to perform his duties, but there has been no intent by the Debtor to obfuscate or cause undue delay. There is insufficient cause to dismiss the case under 11 USC 707(a).

9. For the foregoing reasons, the Debtor respectfully requests that the Court deny the Trustee's motion to dismiss the case, and permit the Debtor to produce the requested documents so that the Trustee can complete the meeting of creditors and satisfy his other duties with respect to the administration of the estate.

                                        Respectfully submitted,

                                        **CPLS, P.A.**
                                        201 East Pine Street
                                        Suite 445
                                        Orlando, FL 32801
                                        Tel 407-647-7887
                                        Fax 407-647-5396
                                        Counsel for Defendant
August 19, 2017                       CPLS File No. 2624-4


                                      By: /s/ Steven H. Meyer
                                            **STEVEN H. MEEYER**
                                            Fla. Bar No. 128562
                                            smeyer@cplspa.com