ORDERED.

Dated: July 26, 2018

_____
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re                                   )
    HOWARD SCOTT BASSUK           )     Case No.: 6:17-04478-KSJ
                                        )     Chapter 7
                                        )
                                        )
        Debtor(s)                  )

ORDER GRANTING TRUSTEE'S MOTION FOR TURNOVER OF
PROPERTY OF THE ESTATE

THIS CASE came on for consideration on the Trustee's Motion For Turnover Of Property of the Estate (Document No. 75).  The court considered the record and finds.

1.  On June 11, 2018, the Trustee filed the Trustee's Motion For Turnover Of Property Of The Estate ["Motion"] (Document No. 75).  Property of the bankruptcy estate includes the bank statements and financial record related to the Debtor's 100% ownership interest in MAD Enterprises Group LLC a Florida limited liability company (the "Property").

2. A certificate of service was included in the Motion indicating that the Motion was served by First-Class United States Mail, postage prepaid, or by electronic notification on June 11, 2018 to the Debtor and Counsel for the Debtor.

3. A Notice Of Opportunity To Object And For Hearing was included in the Motion which allowed thirty (30) days for the debtor to respond to the Motion.

4. The thirty (30) day response period has passed and the debtor has not filed a response to the Motion.

Based on the foregoing, it is:

**ORDERED**, that the Trustee's Motion for Turnover is hereby GRANTED. The Debtor's financial records of his ownership interest in MAD Enterprises Group LLC are property of the bankruptcy estate and subject to administration by the trustee. The Debtor is ordered, within fifteen (15) days from the date of entry of this order, to (a) provide the Trustee with copies of the MAD Enterprises account with Chase bank ending in 3815 for the period of April 2016 through the date of filing the bankruptcy case; (b) to provide the Trustee with an accounting of transfers and proof of the use of the cash withdrawals, including statements and invoices paid from Chase bank account ending in 3815 as referenced in the Motion; (c) to provide the Trustee with copies of the bank statements for the accounts ending in 2272, 5929, 6010, 6206, and 7631 as referenced in the Motion for the period of January 1, 2016 through the date of filing the bankruptcy case; and (d) to provide the Trustee with copies of the bank statements for account ending in 7401, the account owned by the Debtor and his wife Michelle Charles for the period of January 1, 2016 through the date of filing the bankruptcy case.

Trustee, Robert E Thomas, is directed to serve a copy of this Order on interested parties who are non CM/ECF users and file a proof of service within 3 days of entry of the order.